IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALUI ALTON | § | |
|     *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 5:19-CV-00070-OLG |
| | § | |
| SEAQUEST MANAGEMENT, INC. and | § | Jury Demanded |
| SEAQUEST INTERACTIVE | § | |
| AQUARIUM FORT WORTH, LLC., | § | |
|     *Defendant.* | § | |

### **PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff, ALUI ALTON, and files this her First Amended Original Complaint against Defendants, SEAQUEST MANAGEMENT, INC., SEAQUEST INTERACTIVE AQUARIUM FORT WORTH, LLC, SEAQUEST INTERACTIVE AQUARIUM LAS VEGAS, LLC, SEAQUEST INTERACTIVE AQUARIUM UTAH, LLC, and SEAQUEST HOLDINGS, LLC, (hereinafter referred to collectively as "Defendants"), under any name by which they are known, and for her causes of action would show the Court as follows:

### **Parties**

1. Plaintiff ALUI ALTON is a Texas citizen and resident of Bexar County, Texas and a former employee of the Defendants.

2. Defendant SEAQUEST MANAGEMENT, INC. is a foreign corporation incorporated in the State of Idaho. Defendant has already filed an appearance with the Court in this matter and is generally present for all purposes.

3. Defendant SEAQUEST INTERACTIVE AQUARIUM FORT WORTH, LLC (hereinafter, "SEAQUEST FORT WORTH") is a domestic limited liability company registered in the State of

Texas. Defendant has already filed an appearance with the Court in this matter and is generally present for all purposes.

4.      Defendant SEAQUEST INTERACTIVE AQUARIUM LAS VEGAS LLC (hereinafter, "SEAQUEST LAS VEGAS") is a foreign limited liability company incorporated in the State of Nevada. Defendant may be served with process through its attorney of record.

5.      Defendant SEAQUEST INTERACTIVE AQUARIUM UTAH, LLC (hereinafter, "SEAQUEST UTAH") is a foreign limited liability company incorporated in the State of Idaho, with its principal place of business in Utah. Defendant may be served with process through its attorney of record.

6.      Defendant SEAQUEST HOLDINGS, LLC, (hereinafter, "SEAQUEST HOLDINGS"), is a foreign limited liability company incorporated in the State of Idaho. Defendant may be served with process through its attorney of record.

## Jurisdiction and Administrative Prerequisites

7.      The Court has exercised jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1441.

8.      All conditions precedent to Plaintiff's claim for relief have been performed or have occurred as follows:

a.      On or about January 30, 2018, Plaintiff timely filed a written Charge and complaint with the Texas Workforce Commission Civil Rights Division and U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging discrimination on the basis of her sex and pregnancy.

b.      On or about October 9, 2018, the EEOC issued a letter notifying Plaintiff she had a Right to Sue within 90 days of receipt of notification.

c.      On or about December 31, 2018, the Texas Workforce Commission issued a letter notifying Plaintiff she had a Right to Sue within 60 days of receipt of notification.

d.      Plaintiff has filed this Petition within sixty (60) days of the receipt of the Texas Workforce Commission's notification and within ninety (90) days of the receipt of the EEOC's notification.

e.      Plaintiff filed timely Charges of Discrimination with the Equal Employment Opportunity Commission and the Civil Rights Division of the Texas Workforce Commission. Plaintiff has fulfilled all conditions precedent to the filing of this suit under the applicable statutes and has duly exhausted all administrative procedures prior to instituting this action in accordance with the law.

## Facts

9.      Defendants SEAQUEST UTAH, SEAQUEST LAS VEGAS, and SEAQUEST FORT WORTH, SEAQUEST MANAGEMENT, and SEAQUEST HOLDINGS operate as an integrated enterprise in operating interactive aquariums open to the public in various locations across the United States.

10.     Plaintiff was employed by the Defendants as the Director of New Openings and Gift Shops. At one time, she also served as the Registered Agent for Defendant SEAQUEST FORT WORTH. Plaintiff maintained an office in San Antonio, Bexar County, Texas, and travelled to the various SeaQuest locations across the county. As the Director of New Openings and Gift Shops, Plaintiff was tasked with opening new aquariums in various cities in the United States. Plaintiff was qualified for this position and met and exceeded her employer's expectations.  However, Defendants discriminated against her due to her female gender/sex and pregnancy.

11.     Plaintiff began her employment with Defendants when she was hired by SEAQUEST UTAH in the fall of 2016. Plaintiff signed an employee handbook, wherein Plaintiff was identified

as an employee of SEAQUEST UTAH. As part of her employment with SEAQUEST UTAH, Plaintiff moved to Layton, Utah for several weeks and successfully opened a new aquarium.

12. Plaintiff was subsequently made the Director of New Openings and Gift Shops for SEAQUEST MANAGEMENT, and was tasked with opening the SEAQUEST LAS VEGAS aquarium. Consequently, Plaintiff moved to Las Vegas, Nevada, for several months to open the new aquarium. After the SEAQUEST LAS VEGAS aquarium was successfully opened, Plaintiff was made the interim general manager of the aquarium and was tasked with hiring and training staff, increasing ticket sales, managing the gift shop, hiring and training the new general manager, and overseeing the day-to-day operation of the aquarium.

13. Upon returning from Las Vegas, Plaintiff continued her role as Defendants' Director of New Openings and Gift Shops, which encompassed helping the COO oversee and manage the SEAQUEST UTAH and SEAQUEST LAS VEGAS aquariums.  In addition to Plaintiff, there were other SEAQUEST MANAGEMENT employees and officers who acted as shared managing corporate officers for all of the Defendants' corporate entities, including the SEAQUEST UTAH, SEAQUEST LAS VEGAS, and SEAQUEST FORT WORTH aquariums. Namely, these individuals included Vince Covino (CEO), Lisa Edwards (Human Resources Director), and Kent Sager (Chief Operating Officer).

14. As Director of New Openings and Gift Shops, Plaintiff worked in conjunction with the aforementioned individuals to oversee the operation and management of the SEAQUEST UTAH and SEAQUEST LAS VEGAS aquariums, and plan for the opening of the SEAQUEST FORT WORTH aquarium. For each of these aquariums, Plaintiff's responsibilities included reporting directly to the CEO, Vince Covino, and COO, Kent Sager; training general managers; setting up POS systems for gift shops; setting up merchandise at gift shops; managing gift shop inventory

buying; maintaining operating procedures for all departments including marine husbandry and bird/reptile husbandry; working with city and county officials regarding zoning and permits; receiving legal documents; teleconferences with each aquarium manager on a weekly and daily basis; in addition to many other responsibilities and tasks that Plaintiff performed in a competent manner.

15. Throughout her work history with Defendants, Plaintiff was frequently praised by the Defendants' CEO for her quality of work and was given greater responsibilities throughout her tenure. Plaintiff was never placed on any type of performance improvement plan while employed with Defendants. At all times of employment with Defendants, Plaintiff fully performed her employment duties and responsibilities. Plaintiff was a qualified employee and was competent in performing the essential functions of her job.

16. In May 2017, Plaintiff informed the CEO of the Defendant companies, Vince Covino, that she was pregnant and her baby was due in November, 2017. In response, Mr. Covino expressed concern that Plaintiff would not be able to continue performing her job responsibilities. Mr. Covino asked Plaintiff whether she wanted to keep her position and fulltime status, and whether she was going to keep working. Plaintiff assured Mr. Covino that she had no intention of quitting her job, and expressed a strong desire to continue working full-time through her pregnancy and working full-time upon her return from maternity leave. Plaintiff further informed Mr. Covino, that she would be able to continue travelling before and after her pregnancy. Plaintiff assured Mr. Covino that her job performance would not be affected by her pregnancy or birth of her child.

17. Sometime later, in May 2017, Defendants sought and obtained health insurance benefits for each of the Defendants' employees. Out of Defendants' fifty plus employees, Plaintiff was the only employee that requested but did not receive healthcare benefits. When Plaintiff inquired as to

why she did not receive healthcare benefits, Mr. Covino informed Plaintiff it was because Defendants were unable to find insurance coverage for her in the State of Texas. He suggested that Plaintiff sign up for "Obama Care" instead. Defendants intentionally denied Plaintiff healthcare benefits because of her sex and pregnancy.

18. On August 4, 2017, Plaintiff was informed by Mr. Covino that Plaintiff was being terminated. At the time, Plaintiff was six months pregnant. Mr. Covino's stated reason for terminating Plaintiff was that Defendants no longer needed Plaintiff's position because Defendants did not intend on opening anymore aquariums. Mr. Covino's stated reason for terminating Plaintiff was false and was a pretense for Defendants to terminate Plaintiff based on her sex and pregnancy. In the weeks that followed Plaintiff's termination, a male employee was hired to replace Plaintiff, and new aquariums were opened in Texas and Colorado.

19. Defendants discriminated against Plaintiff due to her sex, female; and her pregnancy in that Defendants: Terminated her on or about August 4, 2017; Denied her health insurance benefits that were provided to non-pregnant employees; and, discriminated against her in the terms, conditions, and privileges of her employment, in violation of Texas Labor Code Sections 21.051 and 21.106, and 42 U.S.C. 2000e et seq.

### Statement of Claims - Title VII & Texas Commission on Human Rights Act

20. Plaintiff brings this suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Texas Commission on Human Rights Act, TEX. LAB. CODE ANN. § 21.001 *et. seq.*

21. Plaintiff is a qualified individual as defined by the Texas Labor Code. At all times relevant to this lawsuit, Plaintiff was a covered and qualified employee within the meaning of the Texas Labor Code Sec. 21.002, and under 42 U.S.C. 2000e. Plaintiff was subjected to sex discrimination

6

(pregnancy). Jurisdiction is invoked to secure redress of violations of the Plaintiff's rights under the Texas Labor Code Sections 21.051, 21.106, and under 42 U.S.C. 2000e.

22. Defendants' discrimination against Plaintiff due to her sex and pregnancy were intentional and were done with malice and reckless indifference to the statutorily protected rights of Plaintiff, and were the producing and proximate cause of actual damages for which Defendants are liable to Plaintiff pursuant to the Texas Labor Code and Title VII. As a result of Defendants' discriminatory acts, Plaintiff has incurred damages to her economic well being, suffered loss of front pay and back pay, loss of employment benefits in the past and future, as well as inconvenience, mental anguish, and loss of enjoyment of life pursuant to the Texas Labor Code and Title VII. Furthermore, due to Defendants' willful and malicious discriminatory conduct, Defendants are liable for punitive damages pursuant to the Texas Labor Code and Title VII. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer injury and resulting damages, for which she sues, including, but not limited to: (a) mental/emotional anguish, inconvenience, anxiety, loss of enjoyment of life, humiliation, past and future; (b) back pay, front pay, loss of earnings and earning capacity, and employment benefits, past and future; (c) attorney fees, costs, and pre-judgment and postjudgment interest at the maximum rate allowed at law; and, (d) for such other relief, at law or in equity, to which she may show herself justly entitled.

## Defendants are an Integrated Enterprise

23. Defendants constitute a single integrated enterprise for the purpose of aggregating employees to satisfy the numerosity requirement of Title VII and for the purpose of imposing joint and several liability amongst the Defendants. *See Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

24.     The Defendants meet all of the factors required to support a finding that they operate as a single, integrated enterprise and single employer. *See Johnson v. El Paso Pathology Group, P.A.*, 868 F.Supp 852, (W.D. Tex, 1994), *Davenport v. Hansaworld USA, Inc.,* 23 F. Supp. 3d 679 (S.D. Miss, 2014).  Specifically, the Defendants: (1) share interrelation of operations, (2) share centralized control of labor relations, (3) share common management, and (4) share common ownership or financial control.

25.     Each of the Defendants is managed and governed on a daily basis by the same chief financial officer, same chief financial officer, same chief operating officer, and same human resources officer. These individuals are on the payroll of SEAQUEST MANAGEMENT and exercise sole control over the SEAQUEST UTAH, SEAQUEST LAS VEGAS, and SEAQUEST FORT WORTH aquariums.

26.     These same executive officers make decisions regarding the hiring, disciplining, and terminating of the employees of each of the named Defendants. The conditions of employment, schedule, and salary of the employees of the named Defendants are made by the same executive officers. These same officers control the conduct of the Defendants' employees and set the terms and conditions of their employment. Furthermore, payroll, tax withholdings, and benefits, are all managed by the same human resources office. Employees for each of the Defendants sign the same employee handbook, adhere to the same corporate policies, and are solely managed and controlled by the same individuals. Furthermore, the Defendants hold themselves out to the public as the same company but with different locations.

27.     Further, Defendants share the same common ownership and financial control. CEO, Vince Covino, owns in whole or in part each of the named Defendant entities. Upon information and

belief, financial records, statements, and decisions are managed and controlled by the same individuals and same corporate office within SEAQUEST MANAGEMENT.

## Jury Demand

28.     Plaintiff respectfully requests this Court empanel a lawful jury to hear this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Alui Alton prays that the Defendants be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of Plaintiff against Defendants for compensatory damages, back and front pay, damages for mental anguish, exemplary damages, reasonable attorney's fees, expert fees, other litigation expenses, costs of court, and pre- and post-judgment interest at the highest rate allowed by law, and for such other and further relief, general or special, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

*/s/Nicholas A. Kemmy*
**NICHOLAS A. KEMMY**
State Bar No. 24078776
Law Offices of Nicholas A. Kemmy PC
1250 N.E. Loop 410, Suite 725
San Antonio, Texas 78209
Telephone: (210) 824-3278
Facsimile: (210) 824-3937
nick@kemmyfirm.com

and

*/s/ Christopher J. McKinney*
**CHRISTOPHER J. MCKINNEY**
State Bar No. 00795516
The McKinney Law Firm, P.C.

<div style="text-align: right">
21022 Gathering Oak  
San Antonio, Texas 78260  
Telephone:	(210) 832-0932  
Facsimile:	(210) 568-4101  
*chris@themckinneylawfirm.com*  
**COUNSEL FOR PLAINTIFF**
</div>

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been delivered to the following individual(s) in accordance with the applicable Federal Rules of Civil Procedure on June 7, 2019:

MICHAEL V. GALO, JR  
Galo Law Firm, P.C.  
4230 Gardendale, Bldg. 401  
San Antonio, Texas 78229  
Telephone: (210) 616-9800  
Facsimile: (210)616-9898  
mgalo@galolaw.com

COUNSEL FOR DEFENDANT

<div style="margin-left: 50%">
*/s/Nicholas A. Kemmy*  
NICHOLAS A. KEMMY
</div>